NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, et al., *Plaintiffs,* v. ALL FINISH CONSTRUCTION, INC., *Defendant.* | Civil Action No. 16-5096 OPINION |

**THIS MATTER** comes before the Court on the motion of Plaintiffs Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey B.A.C. Annuity Fund, Trustees of the B.A.C. Local 5 Pension Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund, Trustees of the Bricklayers & Trowel Trades International Pension Fund, Trustees of the International Masonry Institute, and Richard Tolson, as Administrator of B.A.C. Administrative District Council of New Jersey (together, "Plaintiffs") for default judgment against Defendant All Finish Construction, Inc. ("All Finish") pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth herein, the motion in **GRANTED.**

**I.   BACKGROUND**

Plaintiffs are Trustees of the New Jersey B.A.C. Health Fund (the "Health Fund"), Trustees of the New Jersey B.A.C. Annuity Fund (the "Annuity Fund"), Trustees of the B.A.C. Local 5 of New Jersey Pension Fund (the "Local 5 Pension Fund"), Trustees of the New Jersey BM&P Apprentice and Education Fund (the "Apprentice Fund"), Trustees of the Bricklayers & Trowel Trades International Pension Fund (the "International Pension Fund"), Trustees of the

1

International Masonry Institute (the "IMI")—all trustees of multi-employer, labor-management trust funds—and Richard Tolson, the Administrator of the B.A.C. Administrative District Council of New Jersey (the "Union") (collectively, "Plaintiffs"). Compl. ¶¶ 4-10, Dkt. No. 1. All Finish is a New Jersey corporation with its principal place of business in the state. Id. ¶ 11.

All Finish and the Union are parties to a Collective Bargaining Agreement ("CBA"), which establishes the terms and conditions of employment for employees of All Finish who do various forms of covered work as bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers and exterior marble masons ("Covered Work"). Id. ¶ 12. The CBA provides that All Finish must make specified contributions to the Health Fund, the Annuity Fund, the Local 5 Pension Fund, the Apprentice Fund, the International Pension Fund, and the IMI (collectively, the "Funds") and forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by All Finish's employees. Id. ¶ 13. From May 30, 2016 through June 7, 2016, employees of All Finish performed Covered Work on the Riverview Medical Center project (the "Riverview Project") in New Jersey. Id. ¶ 14. In connection with Covered Work performed on the Riverview Project, All Finish failed to make $3,062.40 in required contributions to the Funds and failed to remit $201.60 in required dues check-offs to the Union. Id.

On August 22, 2016, Plaintiffs filed a two-count Complaint, seeking monetary damages, plus interest, costs, liquidated damages, and attorney's fees. Count 1 asserts violations of Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, for All Finish's failure to make contributions to the multiemployer benefit plans for the Covered Work, as required by the CBA. Compl. ¶ 17. Count 2 also asserts a violation of Section 515 but

2

for failure to remit dues check-offs owed to the Union for the Covered Work, as required by the CBA. Id. ¶ 22.

The Complaint and summons were served on Anthony Brown, All Finish's Managing Agent, on September 4, 2016. Dkt. No. 4; see also Fed. R. Civ. P. 4(h)(1)(B). The time to answer or otherwise move as to the Complaint has expired. The Clerk of Court entered default against All Finish on November 15, 2016. Dkt. No. 6. On December 14, 2016, Plaintiffs moved for default judgment. Dkt. No. 7. All Finish has not opposed the motion, answered the Complaint, or otherwise replied in any way.

## II. LEGAL STANDARD

"The District Court has the discretion to enter default judgment, although entry of default judgment is disfavored as decisions on the merits are preferred." Animal Sci Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Prior to entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether the defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Godashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Sav. Fund Soc., FSB v. Left Filed Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Though the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3rd Cir. 1990).

Further, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to

default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

III. ANALYSIS

A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over All Finish. This Court has subject matter jurisdiction over this action because it arises under federal law. See 28 U.S.C. § 1331. The Court has personal jurisdiction over All Finish because it is a New Jersey corporation.

B. Liability

Absent All Finish's answer, the Court must accept the truthfulness of Plaintiffs' well-pled allegations. Comdyne I, 908 F.2d at 1149. This Court is satisfied that Plaintiff has adequately pled claims against All Finish for violation of ERISA.

Under Section 515 of ERISA, an employer who makes payments to a multiemployer plan must make such payments according to the terms of any governing CBA. 29 U.S.C. § 1145. Here, Plaintiffs' first count claims that All Finish failed to pay contributions to the plans as required by the CBA. Compl ¶¶ 15-20. The CBA required All Finish to make certain monetary contributions to the Funds for Covered Work performed within the trade and geographical jurisdiction of the Union. See Mercadante Decl. at ¶ 7, Dkt. No. 9; Id. Ex. A, CBA at Art. XI §§ 5, 7. According to weekly shop stewards reports provided by Plaintiffs, employees of All Finish performed Covered Work on the Riverview Project from May 30, 2016 through June 7, 2016. Id. ¶ 8; id. Ex. C. Plaintiffs claim that All Finish failed to make required contributions to the funds. Id., Ex. D.

Plaintiffs' second count claims that All Finish to failed to remit dues check-offs to the Union. Article X of the CBA requires All Finish to deduct a certain amount wages from any

employee who signed a check-off authorization and transmit the sum to the Union.  See CBA at Art. X.  Plaintiffs claim that All Finish deducts the wages but never remitted the payments to the Union.  Compl. ¶ 14.

Based on these allegations, Plaintiffs have pled sufficient causes of action under both counts of the Complaint.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, All Finish does not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that Plaintiffs will suffer prejudice absent entry of default judgment, as it would have no other means of obtaining relief.  Finally, the Court finds that All Finish acted culpably as it has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See Marimon Decl. ¶ 2, Dkt. No. 10; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiffs claim that All Finish owes $3,346.78.  This amount consists of (1) unpaid contributions, (2) liquidated damages and interest on the delinquent contributions, and (3) dues check-offs. See Mercadante Decl. at ¶ 15. Plaintiff also seeks attorney's fees and costs totaling $2,034.16. See Marimon Decl. ¶ 8. The Court will address each in turn.

First, according to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), upon a finding that an employer violated Section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions. See Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972, 975 (3rd Cir. 2003). Here, Plaintiffs claim that All Finish failed to pay $2,454.40 in required contributions to the Funds for covered work. See Mercadante Decl. at ¶ 8. According to the shop stewards reports documenting the covered work from May 30, 2016 through June 7, 2016, All Finish's employees performed eighty hours of Covered Work on the Riverview Project. Id. Ex. C. Pursuant to the CBA, All Finish was required contribute $811.20 to the local funds and $1,643.20 to the international funds for the eighty hours of Covered Work. Id. Ex. D. Thus, Plaintiffs have proved that they are entitled to $2,454.40 for fund contributions.

Second, Section 502(g)(2) also entitles the plan to judgment for liquidated damages and interest at rates prescribed by the documents and instruments governing the plan. See Trucking Emps., 57 Fed. App'x at 975. Here, Plaintiffs allege that All Finish failed to pay liquidated damages and interest on delinquent contributions. Plaintiffs claim that All Finish is bound to the terms of the collection policy discussed in Art. XI, sec. 2 of the CBA, which states that All Finish is liable for interest to Local Benefit Funds at a rate of ten percent (10%) per annum, liable to the International Benefit Funds at a rate of fifteen percent (15%) per annum, and liquidated damages on the amount of unpaid contributions at a rate of twenty percent (20%). See Mercadante Decl. ¶¶ 10, 12; id. Ex. E. Since the liquidated damages are provided for under the CBA and are not in excess of twenty percent (20%), this amount is acceptable under ERISA. Teamsters Health & Welfare Fund of Philadelphia and Vicinity, et al. v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *3 (D.N.J. July 24, 2012). Interest at a rate of 10% per annum from the date that each contribution was due to the Local Benefit Funds up to December 13, 2016 yields a total of $33.22

in interest owed to the Local Benefit Funds. Mercadante Decl. ¶ 13, Ex. F. Interest at a rate of 15% per annum from the date that each contributions was due to the International Benefit Funds up to December 13, 2016 yields a total of $102.68 owed to the IPF. Id. Furthermore, All Finish owes 20% of the principal amount due on the Riverview Project (i.e., $2,454.40) for a total of $490.88. Accordingly, Plaintiffs have demonstrated that they All Finish owes them $135.90 in interest and $490.88 in liquidated damages.

Third, Plaintiffs claim that All Finish failed to remit $256.60 in required dues check-offs to the union. Mercadante Decl. ¶ 8. According to the CBA, All Finish was required to remit $265.60 in union check-offs. Id. Ex. D. Plaintiff is awarded remittance in that amount.

Finally, Plaintiffs allege that they are entitled to reasonable attorney's fees and costs. They pray for attorney's fees in the amount of $1559.00 and costs in the amount of $475.16, which are authorized by the CBA and 29 U.S.C. § 1132 (g)(2)(D). Marimon Decl. ¶¶ 6-7. Pursuant to 29 U.S.C. 1132(g)(2)(D), the Court shall award attorney's fees and costs for actions brought against violations of 29 U.S.C. § 1145 of ERISA. The affidavit submitted by Plaintiff's counsel certifies that the counsel's fee in this matter is $1,559.00, which represents 9.50 hours of work at a rate of $200.00 per hour for work done by counsel, and $90.00 per work done by counsel's paralegal. Marimon Decl. at ¶ 6, Ex. A. And Plaintiff's counsel certified that their costs amounted to $474.16, which includes a court fee, invoice fee, and service fee. Marimon Decl. ¶ 7. The Court finds that the attorney's fees and costs are reasonable fee given the nature of the case and the services rendered. See Teamsters Health & Welfare Fund of Phila. and Vicinity v. Dubin Paper Co., No. 11-7137, 2012 U.S. Dist. LEXIS 102652, **12-13 (D.N.J. July 24, 2012).

In sum, All Finish owes Plaintiffs $5,380.94 for their ERISA violations in this case and fees and costs.

**IV.     CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for default judgment, Dkt. No. 7, is **GRANTED**. Judgment is entered in favor of Plaintiffs against All Finish in the amount of $3,346.78, plus attorney's fees and costs in the amount of $2,034.16. An appropriate Order accompanies this Opinion.

**Dated: June 29, 2017**

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**